**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **XIAMEN AMPACK TECHNOLOGY LIMITED,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**XIAMEN HITHIUM ENERGY STORAGE TECHNOLOGY CO., LTD.**<br><br>***Defendant.*** | **CIVIL ACTION NO. 2:26-CV-00870**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Xiamen Ampack Technology Limited ("Ampack" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Xiamen Hithium Energy Storage Technology Co., Ltd. ("Xiamen Hithium" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, seeking monetary damages, injunctive relief, and other relief against Defendant for infringement of U.S. Patent Nos. 9,614,211, 9,806,312, 10,283,816, 10,964,927, 10,964,987, and 12,255,290 (collectively, the "Asserted Patents").

2. Ampack asserts direct infringement against Defendant based on the making, using, selling, offering for sale, and/or importing of Accused Products in the United States, as well as inducement and contributory infringement, in violation of 35 U.S.C. § 271(a)-(c), (f), and (g), at least for acts occurring on or after the filing date of this Complaint.

3. The claims in this action concern battery cells, modules, and energy-storage products incorporating electrochemical, separator, electrode, and related battery technologies

protected by the Asserted Patents. The Asserted Patents and their claimed subject matter are publicly available for inspection at https://ppubs.uspto.gov/basic/ by entering their patent number.

4. Hithium's marketing materials identify that it produces, sells, offers for sale, and imports into the United States Hithium products incorporating lithium-ion batteries, lithium iron phosphate battery modules, energy-storage-system components, and battery containers. *See, e.g.*, https://www.hithium.com/bocupload/2025/11/03/17621489175361dy0bw.pdf("Product Brochure").

5. The Accused Products are defined broadly below to include Hithium battery energy-storage products across cell, module, utility-system, commercial-and-industrial ("C&I") system, and residential product categories, as listed by Hithium at the URLs below: https://en.hithium.com/products/cell.html; https://en.hithium.com/products/module.html; https://en.hithium.com/products/system.html; https://en.hithium.com/products/commercial.html; https://en.hithium.com/products/residential.html. On information and belief, the structure and operation of the 314Ah Cell is representative of these Accused Products with respect to the functionalities and structures accused of infringement. The Accused Products also include other Hithium HeroEE products including the LIGHT Series, HeroEE Series, and LEGEND Series as described at https://www.hero-ee.com/.

6. On information and belief, Defendant participates, directly and through its affiliates, agents, distributors, importers, customers, and other intermediaries, in the design, development, manufacture, assembly, testing, importation, marketing, offer for sale, sale, distribution, installation, and use of the Accused Products in the United States. *See, e.g.*, https://www.energy-storage.news/chinese-battery-manufacturer-hithium-ships-first-units-from-texas-bess-assembly-plant/.

7. The allegations concerning the representative product and the Accused Products are based on information presently available to Ampack, including the referenced Hithium materials, and are made on information and belief where the relevant facts are principally within Defendant's possession, custody, or control.

8. Ampack brings one separate count for each Asserted Patent and seeks all relief available under the Patent Act, including damages, enhanced damages, injunctive relief or a forward royalty in lieu of an injunction, an accounting, attorneys' fees, interest, costs, and other appropriate relief.

## THE PARTIES

9. Ampack is a corporation organized under the laws of the People's Republic of China, with its principal place of business in Xiamen, China located at No. 600-1 Hongtang Road, Tongxiang High-tech Zone, Torch High-tech District, Xiamen, Fujian, 361106, China.

10. Ampack is the owner of the entire right, title, and interest of the Asserted Patents, including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement.

11. On information and belief, Xiamen Hithium is a corporation organized under the laws of the People's Republic of China, with its principal place of business in Xiamen, China located at No. 1 Benyuan Road, Tongxiang High-tech New City, Xiamen Torch High-tech Zone, Xiamen, Fujian Province, 310036, China.

12. Xiamen Hithium designs, develops, manufactures, assembles, tests, markets, imports, offers for sale, sells, distributes, and/or services battery cells, battery modules, and energy-storage systems, including the Accused Products.

13. On information and belief, Shenzhen Hithium Hero Energy Equity Technology Co., Ltd. ("Hithium HeroEE") and Chongqing Hithium Energy Storage Technology Co., Ltd.

("Chongqing Hithium") are corporations organized under the laws of the People's Republic of China, and are wholly owned subsidiaries of and/or wholly controlled by Xiamen Hithium that have acted or may act in the development, manufacture, assembly, testing, marketing, importation, offer for sale, sale, distribution, and/or support of Hithium battery and energy-storage products, including Accused Products, as directed by Xiamen Hithium. Hithium HeroEE has a principal place of business in Shenzhen, China located at Room 101, Building 4, No. 22, Ping'an Road, Guanlan, Zhangxi Community, Guanhu Street, Longhua District, Shenzhen, Guangdong Province, 518000, China. Chongqing Hithium has a principal place of business in Chongqing, China located at Kechuang Center, No. 29, Longan Avenue, Dongcheng Sub-District, Tongliang District, Chongqing, 402560, China. Each of these foreign entities conducts infringing acts at the express direction and instruction of Defendant and operates as an agent and/or alter ego of the Defendant.

14. On information and belief, Hithium Tech USA Inc. (a Texas corporation), Hithium Energy Storage Technology USA LLC (a Delaware limited liability company), Hithium Energy Storage Technology USA Inc. (a Virginia corporation), and Hithium USA Inc. (a California corporation) (collectively, the "Hithium U.S. Entities") are U.S. entities that have acted or may act as importers, manufacturers, distributors, agents, sellers, service providers, or other participants in the U.S. manufacture, distribution, use, and support of Accused Products. Hithium Tech USA Inc. has a principal place of business located at 12955 FM 2932, Mesquite, Texas, 75126. Hithium Energy Storage Technology USA Inc. has a principal place of business located at 4046 Clipper Court, Fremont, California, 94538. Hithium Energy Storage Technology USA LLC has a principal place of business at 4046 Clipper Court, Fremont, California, 94538. Hithium USA Inc. has a principal place of business located at 4046 Clipper Court, Fremont, California, 94538. Each of these Hithium U.S. Entities conducts infringing acts at the express direction and instruction of

Defendant and operates as an agent and/or alter ego of the Defendant.

## JURISDICTION AND VENUE

15. This Court has exclusive subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

16. This Court has personal jurisdiction over Defendant under Texas law and the Due Process Clause because Defendant has purposefully directed activities toward the United States and Texas, including through the design, manufacture, assembly, testing, importation, marketing, offer for sale, sale, distribution, and/or support of Accused Products that enter and are sold or used in the United States.

17. On information and belief, the Defendant controls or otherwise directs and authorizes vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, all activities of its subsidiaries including in placing Accused Products into the stream of commerce with the expectation and intent that the products will be imported into, distributed within, offered for sale in, sold in, and used in the United States, including Texas and this District.

18. On information and belief, the Defendant's stream-of-commerce contacts include shipments and commercial transactions involving Xiamen Hithium lithium-ion batteries, lithium iron phosphate battery modules, energy storage systems ("ESSs") and ESS components, and battery containers transported from China and other countries to U.S. ports and/or U.S. importers. Import records maintained by U.S. Customs and Border Protection identify related importations of Xiamen Hithium's Accused Products at Houston, Long Beach, and Los Angeles, as well as other U.S. customer or affiliate addresses.

19. Further, Xiamen Hithium manufactures, uses, sells, and offers for sale its products

in the United States and in Texas through the acts of its wholly owned and/or wholly controlled subsidiaries or affiliated entities. *See, e.g.*, https://www.hithium.com/about/plants.html; https://www.energy-storage.news/chinese-battery-manufacturer-hithium-ships-first-units-from-texas-bess-assembly-plant/. On information and belief, Defendant knew or reasonably could have foreseen that a termination point of its sales channels was Texas and this District. Xiamen Hithium's products are sold to, and used by, its customers in the state of Texas. *See, e.g.*, https://interchange.puc.texas.gov/Documents/59585_10_1625402.PDF ("The Project's 150 MW BESS facility is a HiTHIUM ESS 5.016MWh (4-hi-) model with a liquid-cooled container which uses prismatic Lithium Iron Phosphate 314Ah cells."); https://www.perfectpowerllc.com/proj/sum.html (identifying operating assets in McLennan County including a battery energy storage system that "includes 184 Hithium HC 4.179 MWh containers and 92 Power Electronics FP4200M2 PCSs").

20. On information and belief, the identified Xiamen Hithium affiliates, Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, act, or have acted, as agents, distributors, importers, sellers, service providers, or other intermediaries for Defendant in connection with Accused Products. The Defendant directs, controls, authorizes, ratifies, benefits from, and/or knowingly participates in those U.S. activities. On information and belief, the Defendant and the Hithium affiliates share or coordinate branding, management, personnel, product development, manufacturing, sales, distribution, technical support, and/or financial or operational functions. *See, e.g.*, https://www.hithium.com/support/services.html. On information and belief, Hithium HeroEE and Chongqing Hithium are agents, instrumentalities, alter egos, and/or mere conduits of the Defendant for the relevant conduct. For example, Xiamen Hithium's website (copyrighted by Xiamen Hithium) identifies and touts the Chongqing and Shenzhen sites

as its "Intelligent Manufacturing Center" and "Innovation Base." *See, e.g.*, https://www.hithium.com/about/plants.html. On information and belief, the Hithium U.S. Entities are agents, instrumentalities, alter egos, and/or mere conduits of the Defendant for the relevant conduct. Notably, Xiamen Hithium's website (copyrighted by Xiamen Hithium) identifies and touts Hithium's Mesquite site as one of its own "manufacturing bases." *See, e.g.*, https://www.hithium.com/about/plants.html; https://dallasinnovates.com/hithium-opens-200m-battery-energy-storage-manufacturing-facility-in-north-texas/ ("The new plant in Mesquite—the first in North America for Xiamen, China-based Hithium—is slated to begin mass production in late 2025."). Similarly, Xiamen Hithium tracks and monitors the various installed "Power Stations" around the world, including in Chongqing, Shenzhen, and Dallas.




*See* https://www.hithium.com/about/plants.html. Further, Hithium's own product brochures identify numerous Hithium entities, including those in Xiamen, California, and Germany. *See* Product Brochure at https://www.hithium.com/products/cell.html. Finally, Xiamen Hithium's 2025 ESG Report, which refers to Xiamen as its headquarters and its subsidiaries as "Manufacturing" and "R&D," reports on the environmental footprint of each of its subsidiaries.




https://www.hithium.com/sustainability/download_center.html.

21. Furthermore, on information and belief, one or more executives or directors for Xiamen Hithium are also executives or directors for its wholly owned subsidiaries. For example, on information and belief, Mizhi Zhang is the President of Global Business for Xiamen Hithium but is also President and Secretary of Hithium Energy Storage Technology USA, which is located within the United States. Furthermore, on information and belief, Wenjie Pang is a director for Xiamen Hithium but is also a director or executive of Hithium Energy Storage Technology USA.

22. The Defendant has sufficient minimum contacts with the United States and Texas, and exercising jurisdiction is consistent with fair play and substantial justice because the claims arise from those contacts and the acts of infringement identified herein.

23. Alternatively, and to the extent any Defendant is not subject to jurisdiction in the courts of general jurisdiction of any state, that Defendant is subject to personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because the claims arise under federal patent law, the

Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and the Defendant has sufficient contacts with the United States as a whole.

24. On information and belief, Defendant has committed intentional acts expressly aimed at the United States, knowing that the resulting injury from infringement of U.S. patents would be suffered in the United States, including in Texas and in this District. *See, e.g.*, https://interchange.puc.texas.gov/Documents/59585_10_1625402.PDF; https://www.perfectpowerllc.com/proj/sum.html.

25. Venue is proper as to Xiamen Hithium under 28 U.S.C. § 1391(c) because it is a foreign entity and may be sued in any judicial district.

26. To the extent discovery identifies additional entities or transactions in the same chain of commerce, Ampack reserves the right to amend or supplement its allegations and to seek appropriate relief consistent with the Federal Rules of Civil Procedure and the local patent rules.

## THE ACCUSED PRODUCTS

27. On information and belief, Defendant infringes the Asserted Patents through making, using, selling, offering for sale, and importing the Accused Products, which include Hithium battery energy-storage products, components, and systems across its cell, module, utility-system, C&I-system, and residential product categories, including products with substantially the same structure, circuitry, electrochemical components, manufacturing characteristics, function, or operation as the 314Ah Cell and/or the HeroEE series products (collectively, the "Accused Products").

28. The representative product for this Complaint includes the Hithium 314Ah Cell, a high-capacity lithium-ion battery cell used in Hithium energy-storage applications and, on information and belief, used in many of its products. On information and belief, Hithium materials identify this product as Cell Model LFP71173207 / 314Ah with a cell chemistry of $LiFePO_4$ (LFP).

29. Importation records identify that Defendant has imported the Accused Products or caused their importation, including lithium iron phosphate battery modules, lithium-ion batteries, battery cells, energy-storage-system components, and battery containers. On information and belief, these importation records include records of importations of the 314Ah Cell product, products incorporating the 314Ah Cell, and substantially similar products. Products incorporating or using Hithium 314Ah battery cell products are made, assembled, tested, imported, marketed, offered for sale, sold, distributed, installed, and/or used in the United States.

30. The Accused Products include, without limitation, (a) Hithium cells, including (but not limited to) the 314Ah Cell; (b) Hithium battery modules, including (but not limited to) 314Ah and other LFP battery modules; (c) Hithium utility-scale battery containers and utility systems; (d) Hithium C&I energy-storage systems; (e) Hithium residential energy-storage products; (f) Hithium HeroEE's LIGHT Series of products; (g) Hithium HeroEE's HeroEE Series of products; and (h) Hithium HeroEE's LEGEND Series of products.

31. The Accused Products include products identified or offered for sale including, but not limited to, products identified or offered for sale at the following URLs: https://www.hithium.com/products/cell.html; https://www.hithium.com/products/module.html; https://www.hithium.com/products/system.html; https://www.hithium.com/products/commercial.html; https://www.hithium.com/products/residential.html; and https://www.hero-ee.com/. The Accused Products identified or offered for sale include, but are not limited to, the ∞Cell 1300Ah, ∞Cell N162Ah, ∞Cell 1175Ah, ∞Cell 587Ah, ESS Cell 314Ah, ESS Cell 280Ah-1P, ∞Pack 195 kWh 4h, ESS Module 104kWh, ∞Power 6.9 MWh 8h, ∞Power Flexsso, ∞Power 6.25MWh 4h, ∞ Power 6.25MWh 2h, ∞Block 5.016MWh, ∞Block 4.180MWh, ∞Power 1022kWh, ∞Block

418kWh, ∞Block 261kWh, ARKVOLT R30, ARKVOLT F8S, ARKVOLT L16, ARKVOLT L16S, M 30, M 8 AIO, HeroEE 1, HeroEE LIGHT 1, HeroEE2, HeroEE 8 AIO, HeroEE 8, HeroEE 16, and HeroEE LEGEND 112C.

32. On information and belief, Defendant has made, used, sold, offered for sale, imported, supplied, distributed, installed, and/or caused others to use the Accused Products in the United States, including in this state and District.

33. Upon information and belief, Hithium's products are sold to and used by customers in the United States and in the state of Texas. *See, e.g.*, https://interchange.puc.texas.gov/Documents/59585_10_1625402.PDF ("The Project's 150 MW BESS facility is a HiTHIUM ESS 5.016MWh (4-hi-) model with a liquid-cooled container which uses prismatic Lithium Iron Phosphate 314Ah cells."); https://www.perfectpowerllc.com/proj/sum.html (identifying operating assets in McLennan County including a battery energy storage system that "includes 184 Hithium HC 4.179 MWh containers and 92 Power Electronics FP4200M2 PCSs"). The Accused Products are offered for sale and sold throughout the United States and, on information and belief, have been sold and offered for sale in this District.

34. The Accused Products and their constituent cells, modules, systems, and components are sufficiently identified by product category, available product names, and representative product at this stage; information regarding the specific models, configurations, quantities, dates, and locations of sale is within Defendant's possession, custody, or control.

## THE ASSERTED PATENTS

35. Ampack is the owner by assignment of the Asserted Patents.

36. U.S. Patent No. 9,614,211 (the "'211 Patent"), titled "Lithium Ion Battery Having

Desirable Safety Performance," issued April 4, 2017, from Application No. 14/486,564 filed September 15, 2014, and names Xiao Bo Chen, Wei Feng Chen, Qing Feng Yuan, Ping Hua Deng, Quan Kun Li, Xue Hui Wang, and Wei Zhong Wu as inventors. Ampack owns the '211 Patent by assignment, including all right, title, and interest in and to the '211 Patent and the right to sue for infringement and recover damages and other relief.

37. The '211 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38. U.S. Patent No. 9,806,312 (the "'312 Patent"), titled "Lithium Ion Battery and Lithium Ion Battery Pack," issued October 31, 2017, from Application No. 14/621,249 filed February 12, 2015, and names Wei Li, Shao Gang Li, Xue Hui Wang, Qiong Qu, and Ru Lai Cai as inventors. Ampack owns the '312 Patent by assignment, including all right, title, and interest in and to the '312 Patent and the right to sue for infringement and recover damages and other relief.

39. The '312 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

40. U.S. Patent No. 10,283,816 (the "'816 Patent"), titled "Electrode Assembly, and Lithium Ion Electric Roll Using the Electrode Assembly," issued May 7, 2019, from Application No. 15/087,096 filed March 31, 2016, and names Junliang Zhu, Haibing Wang, Tongming Dong, Wenqiang Cheng, Baohua Chen, Shufeng Wu, Wei Yang, Zhihua Qin, and Meina Lin as inventors. Ampack owns the '816 Patent by assignment, including all right, title, and interest in and to the '816 Patent and the right to sue for infringement and recover damages and other relief.

41. The '816 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42. U.S. Patent No. 10,964,927 (the "'927 Patent"), titled "Separator and

Electrochemical Device," issued March 30, 2021, from Application No. 16/202,346 filed November 28, 2018, and names Kebing Guo, Dongyang Guo, Gengjin Kong, and Xinghua Tao as inventors. Ampack owns the '927 Patent by assignment, including all right, title, and interest in and to the '927 Patent and the right to sue for infringement and recover damages and other relief.

43. The '927 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

44. U.S. Patent No. 10,964,987 (the "'987 Patent"), titled "Separator and Energy Storage Device," issued March 30, 2021, from Application No. 16/013,887 filed June 20, 2018, and names Jianjian Yi, Xinzhi Zhang, Zengbin Wei, and Xinghua Tao as inventors. Ampack owns the '987 Patent by assignment, including all right, title, and interest in and to the '987 Patent and the right to sue for infringement and recover damages and other relief.

45. The '987 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

46. U.S. Patent No. 12,255,290 (the "'290 Patent"), titled "Electrode Assembly, and Lithium Ion Electric Roll Using the Electrode Assembly," issued March 18, 2025, from Application No. 18/393,712 filed December 22, 2023, and names Junliang Zhu, Haibing Wang, Tongming Dong, Wenqiang Cheng, Baohua Chen, Shufeng Wu, Wei Yang, Zhihua Qin, and Meina Lin as inventors. Ampack owns the '290 Patent by assignment, including all right, title, and interest in and to the '290 Patent and the right to sue for infringement and recover damages and other relief.

47. The '290 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

48. The patent-specific allegations below are based on infringement by the

representative 314Ah battery cell product, which is representative of the infringement by the Accused Products. Ampack reserves the right to identify additional Accused Products and claim mappings as discovery proceeds.

**COUNT I: CLAIM FOR PATENT INFRINGEMENT OF THE ’211 PATENT**

49. Ampack repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

50. Defendant directly infringes the ’211 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing Accused Products in the United States.

51. Furthermore, Defendant directly infringes the ’211 Patent through its direction and control of Xiamen Hithium’s affiliates, including Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, including by directing the importation, assembly, sale, offer for sale, and distribution of the Accused Products in the United States. Upon information and belief, these affiliates conduct activities that constitute direct infringement of the ’211 Patent under 35 U.S.C. § 271(a) by making, assembling, offering for sale, selling, and/or importing Accused Products. Defendant is liable for the infringing conduct of its affiliates as these affiliates are the alter egos and/or agents of Defendant. On information and belief, Defendant and these affiliates are essentially the same enterprise, Defendant has the right and ability to control the affiliates’ infringing acts, and Defendant receives a direct financial benefit from the infringement.

52. Independent claim 1 of the ’211 Patent is representative of the infringement alleged in this Count and is reproduced below in its entirety:

> A lithium ion battery, comprising:
> a battery can;
> a battery core received in the battery can;
> an electrolyte filled in the battery can; and
> a battery cover hermetically assembled to the battery can, wherein:
>> the battery can or the battery cover is provided with a pressure relief valve;

the pressure relief valve is coupled with a mesh cover defining a plurality of through holes therein; and
each through hole defined in the mesh cover has a sectional area of 0.01–50 $mm^2$.

53. On information and belief, and to the extent the preamble is limiting, the Hithium 314Ah Cell and/or applicable Accused Products comprise lithium ion batteries literally and/or under the doctrine of equivalents. The Accused Products are lithium ion batteries. *See, e.g.*, Product Brochure ("HiTHIUM produce energy storage batteries with superior safety . . ."); https://www.hithium.com/newsroom/latest/details/162.html ("Double Top 2! HiTHIUM Leads the Global Energy Storage Market with Long-Duration Lithium Battery Storage").

54. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products comprise a battery can literally and/or under the doctrine of equivalents, as shown below.




55. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products comprise a battery core received in the battery can literally and/or under the doctrine of equivalents as shown below.




56. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products comprise an electrolyte filled in the battery can literally and/or under the doctrine of equivalents as shown in the image below, illustrating electrolyte solution within the battery can.




57. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products comprise a battery cover hermetically assembled to the battery can literally and/or under the doctrine of equivalents as shown below.








58. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products comprise a battery can and/or battery cover comprising a pressure relief valve literally and/or under the doctrine of equivalents as shown below.




59. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a pressure relief valve coupled with a mesh cover defining a plurality of through holes literally and/or under the doctrine of equivalents as shown below.




60. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a mesh cover where each hole has a sectional area of 0.01-50 $mm^2$ literally and/or under the doctrine of equivalents. For example, on information and belief, each through hole in the mesh cover pictured below has a sectional area of between approximately 3 $mm^2$ to 15 $mm^2$.



61. On information and belief, Defendant directly infringes the ’211 Patent by making, using, selling, offering for sale, importing, and/or causing the 314Ah Cell and other Accused Products to be made, used, sold, offered for sale, or imported in the United States, including in this District.

62. At least as of the filing date of this Complaint, Defendant had knowledge of the ’211 Patent and knowledge that the 314Ah Cell and other Accused Products, or their use, constitute infringement; from that date forward, Defendant knowingly and intentionally induces direct infringement under 35 U.S.C. § 271(b).

63. At least as of the filing date, Defendant affirmatively encourages direct infringement by designing, supplying, marketing, selling, importing, distributing, instructing, and/or supporting Accused Products, and by causing customers, distributors, affiliates, and other users to use, sell, offer for sale, or import them with the specific intent to encourage infringement. Upon information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by distributors, importers, customers, and/or consumers by at least, inter alia, creating advertisements and marketing materials that promote the infringing use of the Accused Products, creating and/or maintaining established distribution channels for the Accused Products into and

within the United States, manufacturing the Accused Products for sale in the U.S. market, distributing or making available product specifications, installation guides, technical manuals, or other instructions for these products to purchasers and prospective buyers, and/or providing technical support, warranty services, replacement parts, or after-sale services for these products to purchasers in the United States.

64. At least as of the filing date, Defendant contributes under 35 U.S.C. § 271(c) to direct infringement by making, selling, offering for sale, and/or importing components of, or the 314Ah Cell and other Accused Products that embody, a material part of the claimed invention, knowing them to be especially made or adapted for infringing use and having no substantial non-infringing use.

65. Defendant's continued direct infringement after receiving notice of this Complaint is willful. Ampack seeks damages adequate to compensate it, including no less than a reasonable royalty, enhanced damages under 35 U.S.C. § 284, and all other relief available by law; the amount and dates are subject to discovery.

66. Ampack has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Ampack in an amount that adequately compensates Ampack for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Ampack further seeks enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284, and all other relief available by law.

## COUNT II: CLAIM FOR PATENT INFRINGEMENT OF THE '312 PATENT

67. Ampack repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

68. Defendant directly infringes the '312 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or

importing Accused Products in the United States.

69. Furthermore, Defendant directly infringes the ’312 Patent through its direction and control of Xiamen Hithium’s affiliates, including Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, including by directing the importation, assembly, sale, offer for sale, and distribution of the Accused Products in the United States. Upon information and belief, these affiliates conduct activities that constitute direct infringement of the ’312 Patent under 35 U.S.C. § 271(a) by making, assembling, offering for sale, selling, and/or importing Accused Products. Defendant is liable for the infringing conduct of its affiliates as these affiliates are the alter egos and/or agents of Defendant. On information and belief, Defendant and these affiliates are essentially the same enterprise, Defendant has the right and ability to control the affiliates’ infringing acts, and Defendant receives a direct financial benefit from the infringement.

70. Independent claim 1 of the ’312 Patent is representative of the infringement alleged in this Count and is reproduced below in its entirety:

> A lithium ion battery, comprising:
> a battery housing;
> a battery cover assembled to the battery housing;
> and a pressure relief valve coupled to the battery housing and/or battery cover; wherein:
>> the battery housing and/or the battery cover is assembled with a first safety device fixed to the pressure relief valve;
>> the first safety device comprises a shielding plate facing the pressure relief valve, a side wall and an air flow channel structure;
>> the side wall has a longitudinal axis and extends from the shielding plate and connects with the battery housing or the battery cover;
>> and the air flow channel structure is defined passing through the side wall along an axis perpendicular to the longitudinal axis.

71. On information and belief, and to the extent the preamble is limiting, the Hithium 314Ah Cell and/or applicable Accused Products comprise lithium ion batteries literally and/or under the doctrine of equivalents. The Accused Products are lithium ion batteries. *See, e.g.*, Product Brochure (“HiTHIUM produce energy storage batteries with superior safety . . .”);

https://www.hithium.com/newsroom/latest/details/162.html ("Double Top 2! HiTHIUM Leads the Global Energy Storage Market with Long-Duration Lithium Battery Storage").

72. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a battery housing literally and/or under the doctrine of equivalents as shown below.




73. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a battery cover assembled to the battery housing literally and/or under the doctrine of equivalents.






74. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a pressure relief valve coupled to the battery housing and/or cover literally and/or under the doctrine of equivalents as shown below.




75. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a battery housing and/or cover assembled with a first safety device fixed to the pressure relief valve literally and/or under the doctrine of equivalents as shown below.







76. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a first safety device with a shielding plate facing the pressure relief valve, a side wall, and an air flow channel structure literally and/or under the doctrine of equivalents as shown below.




77. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a first safety device with a side wall that has a longitudinal axis and extends from the shielding plate and connects with the battery cover and/or housing literally and/or under the doctrine of equivalents as shown below.




78. On information and belief, the Hithium 314Ah Cell and/or applicable Accused Products include a safety device where the air flow channel structure is defined passing through the side wall along an axis perpendicular to the longitudinal axis literally and/or under the doctrine of equivalents as shown below.




79. On information and belief, Defendant directly infringes the ’312 Patent by making, using, selling, offering for sale, importing, and/or causing the 314Ah Cell and other Accused Products to be made, used, sold, offered for sale, or imported in the United States, including in this District.

80. At least as of the filing date of this Complaint, Defendant had knowledge of the ’312 Patent and knowledge that the 314Ah Cell and other Accused Products, or their use, constitute infringement; from that date forward, Defendant knowingly and intentionally induces direct infringement under 35 U.S.C. § 271(b).

81. At least as of the filing date, Defendant affirmatively encourages direct infringement by designing, supplying, marketing, selling, importing, distributing, instructing, and/or supporting Accused Products, and by causing customers, distributors, affiliates, and other users to use, sell, offer for sale, or import them with the specific intent to encourage infringement.

82. Upon information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by distributors, importers, customers, and/or consumers by at least, inter alia, creating advertisements and marketing materials that promote the infringing use of the Accused Products, creating and/or maintaining established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products for sale in the U.S. market, distributing or making available product specifications, installation guides, technical manuals, or other instructions for these products to purchasers and prospective buyers, and/or providing technical support, warranty services, replacement parts, or after-sale services for these products to purchasers in the United States.

83. At least as of the filing date, Defendant contributes under 35 U.S.C. § 271(c) to direct infringement by making, selling, offering for sale, and/or importing components of, or the 314Ah Cell and other Accused Products that embody, a material part of the claimed invention, knowing them to be especially made or adapted for infringing use and having no substantial non-infringing use.

84. Defendant’s continued direct infringement after receiving notice of this Complaint

is willful. Ampack seeks damages adequate to compensate it, including no less than a reasonable royalty, enhanced damages under 35 U.S.C. § 284, and all other relief available by law; the amount and dates are subject to discovery.

85. Ampack has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Ampack in an amount that adequately compensates Ampack for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Ampack further seeks enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284, and all other relief available by law.

**COUNT III: CLAIM FOR PATENT INFRINGEMENT OF THE '816 PATENT**

86. Ampack repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

87. Defendant directly infringes the '816 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing Accused Products in the United States.

88. Furthermore, Defendant directly infringes the '816 Patent through its direction and control of Xiamen Hithium's affiliates, including Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, including by directing the importation, assembly, sale, offer for sale, and distribution of the Accused Products in the United States. Upon information and belief, these affiliates conduct activities that constitute direct infringement of the '816 Patent under 35 U.S.C. § 271(a) by making, assembling, offering for sale, selling, and/or importing Accused Products. Defendant is liable for the infringing conduct of its affiliates as these affiliates are the alter egos and/or agents of Defendant. On information and belief, Defendant and these affiliates are essentially the same enterprise, Defendant has the right and ability to control the affiliates' infringing acts, and Defendant receives a direct financial benefit from the infringement.

89. Independent claim 1 of the ’816 Patent is representative of the infringement alleged in this Count and is reproduced below in its entirety:

> An electrode assembly, comprising:
> a bare electric roll including a top portion formed at a terminal side thereof, a bottom portion formed at a side of the bare electric roll opposite to the terminal side, two first surfaces extending along a width direction and a length direction of the bare electric roll, and two second surfaces extending along a thickness direction and the length direction of the bare electric roll; and
> an anti-puncture cushion,
> wherein the bare electric roll comprises at least one electrode unit, the electrode unit comprising a cathode sheet, an anode sheet, and a separator, wherein the cathode sheet is isolated from the anode sheet by the separator,
> wherein the anti-puncture cushion is arranged on each of the two second surfaces and extends to the two first surfaces, and covers an edge of the anode sheet, and
> wherein an edge of the anti-puncture cushion exceeds the bottom portion of the anode sheet.

90. On information and belief, and to the extent the preamble is limiting, the Hithium 314Ah Cell includes an electrode assembly literally and/or under the doctrine of equivalents, as pictured below.



91. On information and belief, the Hithium 314Ah Cell includes or uses a bare electric roll including a top portion formed at a terminal side thereof, a bottom portion formed at a side of the bare electric roll opposite to the terminal side, two first surfaces extending along a width direction and a length direction of the bare electric roll, and two second surfaces extending along a thickness direction and the length direction of the bare electric roll, as claimed, literally and/or

under the doctrine of equivalents as shown below.




92. On information and belief, the Hithium 314Ah Cell includes or uses an anti-puncture cushion literally and/or under the doctrine of equivalents as shown below.




93. On information and belief, the bare electric roll in the Hithium 314Ah Cell comprises at least one electrode unit that comprises a cathode sheet, an anode sheet, and a separator as claimed, literally and/or under the doctrine of equivalents, as shown below.







94. On information and belief, the cathode sheet in the Hithium 314Ah Cell is isolated from the anode sheet by the separator literally and/or under the doctrine of equivalents as shown above.

95. On information and belief, the anti-puncture cushion in the Hithium 314Ah Cell is arranged on each of the two second surfaces and extends to the two first surfaces, as claimed, literally and/or under the doctrine of equivalents as shown below.






96. On information and belief, the anti-puncture cushion in the Hithium 314Ah Cell covers an edge of the anode sheet literally and/or under the doctrine of equivalents as shown below.




97. On information and belief, an edge of the anti-puncture cushion in the Hithium 314Ah Cell exceeds the bottom portion of the anode sheet literally and/or under the doctrine of equivalents as shown below.




98. On information and belief, Defendant directly infringes the ’816 Patent by making, using, selling, offering for sale, importing, and/or causing the 314Ah Cell and other Accused Products to be made, used, sold, offered for sale, or imported in the United States, including in this

District.

99. At least as of the filing date of this Complaint, Defendant had knowledge of the ’816 Patent and knowledge that the 314Ah Cell and other Accused Products, or their use, constitute infringement; from that date forward, Defendant knowingly and intentionally induces direct infringement under 35 U.S.C. § 271(b).

100. At least as of the filing date, Defendant affirmatively encourages direct infringement by designing, supplying, marketing, selling, importing, distributing, instructing, and/or supporting Accused Products, and by causing customers, distributors, affiliates, and other users to use, sell, offer for sale, or import them with the specific intent to encourage infringement.

101. Upon information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by distributors, importers, customers, and/or consumers by at least, inter alia, creating advertisements and marketing materials that promote the infringing use of the Accused Products, creating and/or maintaining established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products for sale in the U.S. market, distributing or making available product specifications, installation guides, technical manuals, or other instructions for these products to purchasers and prospective buyers, and/or providing technical support, warranty services, replacement parts, or after-sale services for these products to purchasers in the United States.

102. At least as of the filing date, Defendant contributes under 35 U.S.C. § 271(c) to direct infringement by making, selling, offering for sale, and/or importing components of, or the 314Ah Cell and other Accused Products that embody, a material part of the claimed invention, knowing them to be especially made or adapted for infringing use and having no substantial non-infringing use.

103. Defendant's continued direct infringement after receiving notice of this Complaint is willful. Ampack seeks damages adequate to compensate it, including no less than a reasonable royalty, enhanced damages under 35 U.S.C. § 284, and all other relief available by law; the amount and dates are subject to discovery.

104. Ampack has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Ampack in an amount that adequately compensates Ampack for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Ampack further seeks enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284, and all other relief available by law.

**COUNT IV: CLAIM FOR PATENT INFRINGEMENT OF THE '927 PATENT**

105. Ampack repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

106. Defendant directly infringes the '927 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing Accused Products in the United States.

107. Furthermore, Defendant directly infringes the '927 Patent through its direction and control of Xiamen Hithium's affiliates, including Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, including by directing the importation, assembly, sale, offer for sale, and distribution of the Accused Products in the United States. Upon information and belief, these affiliates conduct activities that constitute direct infringement of the '927 Patent under 35 U.S.C. § 271(a) by making, assembling, offering for sale, selling, and/or importing Accused Products. Defendant is liable for the infringing conduct of its affiliates as these affiliates are the alter egos and/or agents of Defendant. On information and belief, Defendant and these affiliates are essentially the same enterprise, Defendant has the right and ability to control the affiliates'

infringing acts, and Defendant receives a direct financial benefit from the infringement.

108. Independent claim 1 of the '927 Patent is representative of the infringement alleged in this Count and is reproduced below in its entirety:

> An electrochemical device, comprising:
> a cathode;
> an anode;
> and a separator;
> wherein, the separator comprises a porous substrate and a porous layer;
> wherein the porous layer is disposed on a surface of the porous substrate and comprises inorganic particles and a binder;
> and the porous substrate has an absolute plastic deformation rate in a first direction ranging from about 40% to about 1800%, and wherein the absolute plastic deformation rate is calculated according to an equation $(L2-L0)/L0\times100\%$, where L0 refers to a length of the porous substrate before stretching and L2 refers to a length of the porous substrate after the porous substrate is stretched to breakage and docked along the fracture caused by the breakage and flattened.

109. On information and belief, and to the extent the preamble is limiting, the Hithium 314Ah Cell comprises an electrochemical device literally and/or under the doctrine of equivalents, including a lithium ion battery cell. *See, e.g.*, Product Brochure ("HiTHIUM produce energy storage batteries with superior safety . . .").

110. On information and belief, the Hithium 314Ah Cell includes a cathode and an anode literally and/or under the doctrine of equivalents as shown below.



111. On information and belief, the Hithium 314Ah Cell includes a separator literally and/or under the doctrine of equivalents as shown below.




112. On information and belief, the separator used in the Hithium 314Ah Cell includes a porous substrate and a porous layer literally and/or under the doctrine of equivalents as shown below.




113. On information and belief, the separator used in the Hithium 314Ah Cell includes a porous layer disposed on a surface of the porous substrate and comprising inorganic particles and a binder literally and/or under the doctrine of equivalents as shown below.







114. On information and belief, the porous substrate used in the Hithium 314Ah Cell has the claimed absolute plastic deformation rate in a first direction literally and/or under the doctrine of equivalents. Testing of the claimed L2 and L0 values of the separator, where L0 refers to a length of the porous substrate before stretching and L2 refers to a length of the porous substrate after the porous substrate is stretched to breakage and docked along the fracture caused by the breakage and flattened, indicates that the product's separator has an absolute plastic deformation rate ((L2−L0)/L0×100%) that is around 66% in a first direction.





115. On information and belief, Defendant directly infringes the '927 Patent by making, using, selling, offering for sale, importing, and/or causing the 314Ah Cell and other Accused Products to be made, used, sold, offered for sale, or imported in the United States, including in this

District.

116. At least as of the filing date of this Complaint, Defendant had knowledge of the ’927 Patent and knowledge that the 314Ah Cell and other Accused Products, or their use, constitute infringement; from that date forward, Defendant knowingly and intentionally induces direct infringement under 35 U.S.C. § 271(b).

117. At least as of the filing date, Defendant affirmatively encourages direct infringement by designing, supplying, marketing, selling, importing, distributing, instructing, and/or supporting Accused Products, and by causing customers, distributors, affiliates, and other users to use, sell, offer for sale, or import them with the specific intent to encourage infringement.

118. Upon information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by distributors, importers, customers, and/or consumers by at least, inter alia, creating advertisements and marketing materials that promote the infringing use of the Accused Products, creating and/or maintaining established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products for sale in the U.S. market, distributing or making available product specifications, installation guides, technical manuals, or other instructions for these products to purchasers and prospective buyers, and/or providing technical support, warranty services, replacement parts, or after-sale services for these products to purchasers in the United States.

119. At least as of the filing date, Defendant contributes under 35 U.S.C. § 271(c) to direct infringement by making, selling, offering for sale, and/or importing components of, or the 314Ah Cell and other Accused Products that embody, a material part of the claimed invention, knowing them to be especially made or adapted for infringing use and having no substantial non-infringing use.

120. Defendant's continued direct infringement after receiving notice of this Complaint is willful. Ampack seeks damages adequate to compensate it, including no less than a reasonable royalty, enhanced damages under 35 U.S.C. § 284, and all other relief available by law; the amount and dates are subject to discovery.

121. Ampack has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Ampack in an amount that adequately compensates Ampack for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Ampack further seeks enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284, and all other relief available by law.

**COUNT V: CLAIM FOR PATENT INFRINGEMENT OF THE '987 PATENT**

122. Ampack repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

123. Defendant directly infringes the '987 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing Accused Products in the United States.

124. Furthermore, Defendant directly infringes the '987 Patent through its direction and control of Xiamen Hithium's affiliates, including Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, including by directing the importation, assembly, sale, offer for sale, and distribution of the Accused Products in the United States. Upon information and belief, these affiliates conduct activities that constitute direct infringement of the '987 Patent under 35 U.S.C. § 271(a) by making, assembling, offering for sale, selling, and/or importing Accused Products. Defendant is liable for the infringing conduct of its affiliates as these affiliates are the alter egos and/or agents of Defendant. On information and belief, Defendant and these affiliates are essentially the same enterprise, Defendant has the right and ability to control the affiliates'

infringing acts, and Defendant receives a direct financial benefit from the infringement.

125. Independent claim 1 of the ’987 Patent is representative of the infringement alleged in this Count and is reproduced below in its entirety:

> A separator, comprising: a porous substrate; and
>
> a porous layer arranged on a surface of the porous substrate, wherein the porous layer comprises inorganic particles and a binder, and a ratio of Dv90 of the inorganic particles to the thickness of the porous layer is in a range from 0.3 to 3.0.

126. On information and belief, and to the extent the preamble is limiting, the Hithium 314Ah Cell includes a separator literally and/or under the doctrine of equivalents as shown below.




127. On information and belief, the separator used in the Hithium 314Ah Cell includes a porous substrate literally and/or under the doctrine of equivalents as shown below.



128. On information and belief, the separator used in the Hithium 314Ah Cell includes a porous layer arranged on a surface of the porous substrate literally and/or under the doctrine of equivalents as shown below.




129. On information and belief, the separator used in the Hithium 314Ah Cell includes a porous layer comprising inorganic particles and a binder literally and/or under the doctrine of equivalents as shown below.




130. On information and belief, the porous layer used in the Hithium 314Ah Cell has the claimed Dv90-to-thickness ratio literally and/or under the doctrine of equivalents. Specifically, the Dv90 of the inorganic particles is approximately 1.15 μm and the thickness of the porous layer is

approximately 2.59 µm, which reflects a ratio of approximately 0.440, which is within the claimed range.

131. On information and belief, Defendant directly infringes the ’987 Patent by making, using, selling, offering for sale, importing, and/or causing the 314Ah Cell and other Accused Products to be made, used, sold, offered for sale, or imported in the United States, including in this District.

132. At least as of the filing date of this Complaint, Defendant had knowledge of the ’987 Patent and knowledge that the 314Ah Cell and other Accused Products, or their use, constitute infringement; from that date forward, Defendant knowingly and intentionally induces direct infringement under 35 U.S.C. § 271(b).

133. At least as of the filing date, Defendant affirmatively encourages direct infringement by designing, supplying, marketing, selling, importing, distributing, instructing, and/or supporting Accused Products, and by causing customers, distributors, affiliates, and other users to use, sell, offer for sale, or import them with the specific intent to encourage infringement. Upon information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by distributors, importers, customers, and/or consumers by at least, inter alia, creating advertisements and marketing materials that promote the infringing use of the Accused Products, creating and/or maintaining established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products for sale in the U.S. market, distributing or making available product specifications, installation guides, technical manuals, or other instructions for these products to purchasers and prospective buyers, and/or providing technical support, warranty services, replacement parts, or after-sale services for these products to purchasers in the United States.

134. At least as of the filing date, Defendant contributes under 35 U.S.C. § 271(c) to direct infringement by making, selling, offering for sale, and/or importing components of, or the 314Ah Cell and other Accused Products that embody, a material part of the claimed invention, knowing them to be especially made or adapted for infringing use and having no substantial non-infringing use.

135. Defendant's continued direct infringement after receiving notice of this Complaint is willful. Ampack seeks damages adequate to compensate it, including no less than a reasonable royalty, enhanced damages under 35 U.S.C. § 284, and all other relief available by law; the amount and dates are subject to discovery.

136. Ampack has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Ampack in an amount that adequately compensates Ampack for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Ampack further seeks enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284, and all other relief available by law.

## COUNT VI: CLAIM FOR PATENT INFRINGEMENT OF THE '290 PATENT

137. Ampack repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

138. Defendant directly infringes the '290 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing Accused Products in the United States.

139. Furthermore, Defendant directly infringes the '290 Patent through its direction and control of Xiamen Hithium's affiliates, including Hithium HeroEE, Chongqing Hithium, and the Hithium U.S. Entities, including by directing the importation, assembly, sale, offer for sale, and distribution of the Accused Products in the United States. Upon information and belief, these

affiliates conduct activities that constitute direct infringement of the ’290 Patent under 35 U.S.C. § 271(a) by making, assembling, offering for sale, selling, and/or importing Accused Products. Defendant is liable for the infringing conduct of its affiliates as these affiliates are the alter egos and/or agents of Defendant. On information and belief, Defendant and these affiliates are essentially the same enterprise, Defendant has the right and ability to control the affiliates’ infringing acts, and Defendant receives a direct financial benefit from the infringement.

140. Independent claim 1 of the ’290 Patent is representative of the infringement alleged in this Count and is reproduced below in its entirety:

> An electrode assembly, comprising:
> a first electrode unit having a first surface extending along a length direction and a width direction of the first electrode unit, a second surface opposite to the first surface, a third surface extending along the length direction and a thickness direction of the first electrode unit, a fourth surface opposite to the third surface, a top surface extending along the width direction and the thickness direction of the first electrode unit and a bottom surface opposite to the top surface;
> the first electrode unit comprises a first electrode sheet, a second electrode sheet, and a separator, the separator is disposed between the first electrode sheet and the second electrode sheet;
> the first electrode sheet comprises a first top edge and a first bottom edge along the length direction of the first electrode unit, the second electrode sheet comprises a second top edge and a second bottom edge along the length direction of the first electrode unit;
> a first anti-puncture cushion;
> the first anti-puncture cushion is disposed on at least one of the third surface or the fourth surface along the width direction of the first electrode unit;
> an edge of the first anti-puncture cushion exceeds beyond at least one of the second top edge or the second bottom edge of the second electrode sheet along the length direction of the first electrode unit.

141. On information and belief, and to the extent the preamble is limiting, the Hithium 314Ah Cell includes or uses an electrode assembly literally and/or under the doctrine of equivalents, as pictured below.



142. On information and belief, the Hithium 314Ah Cell includes or uses a first electrode unit having a first surface extending along a length direction and a width direction of the first electrode unit, a second surface opposite to the first surface, a third surface extending along the length direction and a thickness direction of the first electrode unit, a fourth surface opposite to the third surface, a top surface extending along the width direction and the thickness direction of the first electrode unit and a bottom surface opposite to the top surface, literally and/or under the doctrine of equivalents, as shown below.







143. On information and belief, the first electrode unit in the Hithium 314Ah Cell comprises a first electrode sheet (e.g., a cathode sheet), a second electrode sheet (e.g., an anode sheet), and a separator literally and/or under the doctrine of equivalents as shown below.




144. On information and belief, the separator in the Hithium 314Ah Cell is disposed between the first electrode sheet and the second electrode sheet literally and/or under the doctrine of equivalents as shown above.

145. On information and belief, the first electrode sheet in the Hithium 314Ah Cell comprises the claimed first top edge and first bottom edge literally and/or under the doctrine of equivalents as shown below.



146. On information and belief, the second electrode sheet in the Hithium 314Ah Cell comprises the claimed second top edge and second bottom edge literally and/or under the doctrine of equivalents as shown below.




147. On information and belief, the Hithium 314Ah Cell includes or uses a first anti-puncture cushion literally and/or under the doctrine of equivalents as shown below.




148. On information and belief, the first anti-puncture cushion in the Hithium 314Ah

Cell is disposed on at least one of the third surface or the fourth surface along the width direction of the first electrode unit, and an edge of the first anti-puncture cushion exceeds beyond at least one of the second top edge or the second bottom edge of the second electrode sheet along the length direction of the first electrode unit, as claimed, literally and/or under the doctrine of equivalents as shown below.




149. On information and belief, Defendant directly infringes the ’290 Patent by making, using, selling, offering for sale, importing, and/or causing the 314Ah Cell and other Accused Products to be made, used, sold, offered for sale, or imported in the United States, including in this District.

150. At least as of the filing date of this Complaint, Defendant had knowledge of the ’290 Patent and knowledge that the 314Ah Cell and other Accused Products, or their use, constitute infringement; from that date forward, Defendant knowingly and intentionally induces direct infringement under 35 U.S.C. § 271(b).

151. At least as of the filing date, Defendant affirmatively encourages direct infringement by designing, supplying, marketing, selling, importing, distributing, instructing, and/or supporting Accused Products, and by causing customers, distributors, affiliates, and other users to use, sell, offer for sale, or import them with the specific intent to encourage infringement. Upon information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by distributors, importers, customers, and/or consumers by at least, inter alia, creating advertisements and marketing materials that promote the infringing use of the Accused Products, creating and/or maintaining established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products for sale in the U.S. market, distributing or making available product specifications, installation guides, technical manuals, or other instructions for these products to purchasers and prospective buyers, and/or providing technical support, warranty services, replacement parts, or after-sale services for these products to purchasers in the United States.

152. At least as of the filing date, Defendant contributes under 35 U.S.C. § 271(c) to direct infringement by making, selling, offering for sale, and/or importing components of, or the 314Ah Cell and other Accused Products that embody, a material part of the claimed invention, knowing them to be especially made or adapted for infringing use and having no substantial non-infringing use.

153. Defendant's continued direct infringement after receiving notice of this Complaint is willful. Ampack seeks damages adequate to compensate it, including no less than a reasonable royalty, enhanced damages under 35 U.S.C. § 284, and all other relief available by law; the amount and dates are subject to discovery.

154. Ampack has been damaged as a result of Defendant's infringing conduct described

in this Count. Defendant is liable to Ampack in an amount that adequately compensates Ampack for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Ampack further seeks enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284, and all other relief available by law.

**DEMAND FOR JURY TRIAL**

Ampack hereby demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Xiamen Ampack Technology Limited respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Adjudge that Defendant has infringed, directly and/or indirectly as alleged, one or more claims of the Asserted Patents;

B. Adjudge that Defendant's post-filing and continued infringement was willful;

C. Award Ampack damages adequate to compensate it for infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with all damages available by law;

D. Award Ampack enhanced damages, including up to treble damages, pursuant to 35 U.S.C. § 284;

E. Award Ampack pre-judgment and post-judgment interest to the full extent allowed by law, as well as its costs;

F. Enter an order finding that this is an exceptional case and award Ampack its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. Enter a permanent injunction prohibiting Defendant, and its officers, agents, servants, employees, attorneys, affiliates, successors, and assigns, from infringing

the Asserted Patents, including by making, using, selling, offering for sale, importing, distributing, or supplying Accused Products;

H. Award, in lieu of an injunction, a compulsory forward royalty or other ongoing royalty for future infringement;

I. Order an accounting of Defendant's infringement, sales, offers for sale, imports, uses, profits, and damages; and

J. Award such other relief as the Court may deem appropriate and just under the circumstances.

Respectfully submitted, September 23, 2026

/s/ *Theodore Stevenson, III*
Theodore Stevenson, III (TX 19196650)
Brady Cox (TX 24074084) (Lead Counsel)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
ted.stevenson@alston.com
brady.cox@alston.com

M. Scott Stevens (NC 37828)
Karlee Wroblewski (NC 55043)
**ALSTON & BIRD LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
karlee.wroblewski@alston.com

Ke Zhang (CA 363201) (*pro hac vice* forthcoming)
Madelaine Wieland (CA 359554)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kim.zhang@alston.com
madelaine.wieland@alston.com

***Counsel for Plaintiff Xiamen Ampack Technology Limited***